BAILES, Judge.
This is an appeal by defendant from two interlocutory judgments of the trial court.
On November 2, 1967, plaintiff filed this suit against defendant seeking a judicial separation from bed and board. On March 8, 1968, on the application of plaintiff and on showing the court that the defendant was a non-resident of this State, the court appointed a curator ad hoc to represent defendant in this proceeding, and on April 22, 1968, the curator ad hoc filed an answer for defendant denying all the allegations of plaintiff’s petition.
On June 4, 1968, the defendant, through counsel of his choice, filed an exception to the jurisdiction of the court over the person of the exceptor. On the same date the trial court rendered judgment overruling the exception to the jurisdiction. This judgment was signed on June 6, 1968.
On July 9, 1968, the defendant, by motion, alleged that he was a member of the *252 United States Navy, presently stationed at Camp Springs, Maryland; and that he was unable because of this status, to present himself in defense of plaintiff’s demands, and that he desired to have a stay of proceedings under the provisions of U.S.C.A. Title SO App., Section 501 et seq. A rule nisi was issued to plaintiff for her to show cause on August 12, 1968, why this cause should not be stayed. This rule was heard on that date and there was judgment denying or overruling the motion. This judgment was signed on August 14, 1968.
Aside from the fact that the record before us is completely and totally barren of any testimony, there is no showing whatever, nor is there any argument made in brief, or otherwise, that these two interlocutory judgments may cause irreparable injury.
LSA-C.C.P. Article 1841 defines judgments, interlocutory and final, as follows:
“A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
“A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
‘‘A judgment that determines the merits in whole or in part is a final judgment.”
It is the well settled law of this State that appellate courts will not consider cases in fragments or piecemeal. In the absence of a showing that irreparable injury will result to the party against whom an interlocutory judgment was rendered, an appeal must await a final judgment on the merits. See LSA-C.C.P. Article 2083.
For these reasons, this appeal is dismissed and the case remanded to the trial court for further proceedings in accordance with law. Appellant is cast for the costs of this appeal.
Appeal dismissed.